(Continued from Page 178)

**1265. WEIGHT OF EVIDENCE.**

See 225. Charge of Court. Travelers Ins. Co. v. Gath, OS. 6 Abs. 190.

Cuyahoga Baking Co. v. Rees, Admr., OA. 6 Abs. 180.

**1275. WOMEN.**

See 118. Automobiles. State ex Hundley v. McCune, CP. 6 Abs. 185.

**1277. WORDS AND PHRASES.**

See 225. Charge of Court. Travelers Ins. Co. v. Gath, OS. 6 Abs. 190.

**1283. WORKMEN'S COMPENSATION.**

See 456. Employer and Employe. Indust. Com. v. Davison, OS. 6 Abs. 188.

---

# COMMON PLEAS

## STATE ex HUNDLEY v. McCUNE

Common Pleas Court.

No. 114,546. Decided March 2, 1928.

**First Publication of this Opinion.**

### Syllabus by Editorial Staff.

**118. AUTOMOBILES—1275. Women—291. Constitutional Law—928. Police Power.**

Section 1008-1 GC., so far as it prohibits adult females from driving a taxicab, is not a valid exercise of police power and therefore unconstitutional.

**747. MANDAMUS.**

1. Where ordinance provides "upon said fulfillment of the foregoing requirements there shall be issued to the applicant a license," mandamus will lie to compel issuance of such license.

2. Exercise of jurisdiction to grant mandamus lies in sound discretion of court.

In Mandamus.

Writ allowed.

Randolph Walton, Columbus, for State ex Hundley.

Charles A. Leach, City Attorney, Columbus, for McCune.

## STATEMENT OF FACTS.

The relator, in her petition, in substance, states that she is a bona fide resident of the City of Columbus, Ohio, and that she is more than 21 years of age; that she entered into a contract with Cy Hills, doing business under the name of Cy Hills' Fifty Cent Cab Company, in the City of Columbus, to drive a taxicab in said city; that under the contract of employment she was to work as such taxicab driver for a period of only eight hours per day during the day-light season; that the taxicab which she was to operate was a small Essex Coach, and that such employment was healthy, proper and well suited to the relator; that said employment consisted in driving said taxicab in and about the City of Columbus in the transportation of passengers for hire; that she was qualified to perform such employment, and that such employment is not detrimental to the health or welfare of relator, nor contrary to the health, safety, morals or welfare of the public.

Relator further alleges that, in accordance with the provisions of Sections 6 and 7 of Ordinance Number 33892 of the City of Columbus, she made application for license to drive a taxicab in said city.

Relator says that she possessed the qualifications and complied with the conditions prescribed and set forth in Section 6 of said ordinance; that the auditor of the City of Columbus accepted her application and the license fee; that a receipt therefor was issued to her by said auditor, and that she entered upon the performance of her duties as a taxicab driver for the said Cy Hills' Fifty Cent Cab Company and continued in said employment until the 15th day of December, 1927, when defendants disapproved relator's application and refused to issue a license to her. Relator further alleges that John P. McCune, Director of Public Safety, in disapproving and returning said application for license, gave his reasons for so doing and noted them upon the application, as follows, to wit:

"Application conforms in all respects to ordinance requirements, but I can not approve on account of Statute 1008-1 Ohio Code."

Relator claims that the action of the Director of Safety, refusing to issue her a license to drive a taxicab, is violation of her rights as guaranteed under the Constitution of the United States and the State of Ohio.

Relator seeks to compel the defendant to issue to her a driver's license to operate a taxicab for hire on the public streets of the City of Columbus.

To the petition, defendants filed a demurrer.

## OPINION OF COURT.

The following is taken, verbatim, from the opinion.

### KING, J.

The facts are undisputed. It is admitted that a plaintiff had satisfactorily met and fulfilled each and every qualification prescribed by Ordinance governing the issuing of a driver's or chauffeur's license. It is admitted that the sole reason for withholding a driver's or chauffeur's license to the relator is because of the provisions of Section 1008-1 which prohibits the employment of females as taxi drivers for hire. It is admitted that plaintiff had satisfactorily met each and every qualification prescribed in the City Ordinance fixing the qualifications of those whom a driver's or chauffeur's license may be issued. It is admitted that the ordinance itself does not discriminate against women.

Relator contends that Section 1008-1 is unconstitutional.

The defendant justifies the refusal to grant the license upon two grounds:

1. That the statute prohibiting females from operating taxis, being Section 1008-1, is a valid and proper exercise, on the part of the State, of the police power.

2. That defendant has absolute control of its streets and may grant or withhold the privilege or license of operating a taxi upon its streets, for hire, as it pleases.

The right to the relief as prayed for by the relator, in the last analysis, depends upon the construction of Section 1008-1 of the General Code, or that portion of it which is applicable to the driving of taxicabs by females.

Can it be said that the driving of a taxi by an adult female person in the daylight season and only eight hours per day is inimical to the common welfare, health, safety and good morals of the people?

The occupation is a perfectly lawful one. It can not be said that the occupation is in any sense immoral. In our opinion, the ethical and moral standards of the occupation would be elevated, not lowered, by permitting women to engage therein. Such has been the result where women have entered industrial activities. The safety of the public is not in the least endangered by this class driving. On the contrary, we venture the opinion than more careful and considerate driving would result. The provisions of the ordinance provide a reasonable safeguard, so far as the safety of the public is concerned, in the driving by women of motor vehicles. The woman making application must be of sound physique with good eyesight and no bodily or mental infirmities which render her unfit for the safe operation of a public vehicle, and also that such applicant must not be addicted to the use of liquors and drugs. As already observed, the relator possessed the qualifications prescribed by the ordinance. It can not be successfully argued that women are not physically capable of operating a motor vehicle and therefore should be prohibited from so doing. I venture that daily at least 15% of the motor vehicles operated upon the public streets and highways are driven by women, and further, that less accidents occur from careless and reckless driving by women, than by men. All that is required, in the operation of a motor vehicle, is good judgment, a clear brain and eye and a consideration for the rights of others. We feel, generally speaking, that women, as a class, possess such qualifications. We recognize the fact that woman's physical structure is such that, with reference to "some of the burdens which rest upon her in some employments," there is a justification for legislation which seeks to protect her.

If the General Assembly, in the act under consideration, had limited the driving of taxi-

cabs by adult females to a certain number of hours per day and prohibited her from engaging in said occupation in the night season, such would be in accord with the decisions. The same session of the General Assembly, twenty days after the passage of Sec. 1008-1, did enact present Sec. 12996, regulating the hours per day and days per week during which women under 21 years of age might be employed as driver or chauffeur. But to prohibit adult women wholly from driving, we feel is going to the "extreme" and is unwarranted discrimination. It is not because of any consideration for her health. Driving a taxicab eight hours in the day season is surely more beneficial to her health than employment in factories where the same advantages for air and light, notwithstanding regulations, do not obtain. In our opinion, the woman who does the family washing in the old fashioned way with a washboard is subjected to greater physical strain and injury to her health than in the driving of a taxicab, and yet who would say that the State could compel each woman to be furnished with an electric washer or ironer? And, again, the physicians decry the pedaling of an old fashioned sewing machine, by the woman who does the sewing for the family, as injurious to her physical being. It would be just as reasonable for the General Assembly to pass a law prohibiting women from operating old fashioned sewing machines as to prohibit her from driving a taxicab. Women operators of elevators are permitted and regulated by law. From the viewpoint of health, in some respects, such occupation is more harmful than the driving of a taxi.

We therefore conclude that Section 1008-1, so far as it prohibits adult females from driving a taxicab, is not a valid exercise of the police power and therefore unconstitutional.

The contention of relator that Section 1008-1 was impliedly repealed by the subsequent enactment of Sec. 12996 GC., permitting and regulating the employment of minor women as "drivers or chauffeurs," the latter act being inconsistent with the former, seems well founded, but inasmuch as we hold Sec. 1008-1 to be invalid and unconstitutional there is no need to enlarge upon and discuss that phase of the case.

We come now to consider the contention made by the defendant that mandamus does not lie to compel the issuance of a license to relator for the reason that the operation of a taxi, for hire, upon the streets of the city is the seeking of privilege or license that may be granted or withheld, as the city sees fit.

Section 7 of the ordinance, number 33892, supra, provides as follows:

"Upon said fulfillment of the foregoing requirements there shall be issued to the applicant a license."

The ordinance makes no discrimination against women. If a woman makes application and meets the requirements of the provisions of the ordinance, as it is admitted that the relator did, the administrative officers of the city can not arbitrarily withhold the issuance of such license.

We call attention to the case of People ex Hultman et v. Gilchrist. Commissioner of Department of Licenses, 188 N. Y. Supp. 61, Twentieth Century Brown & White Taxicab Assn. Inc., Intervener, a case which is analogous to the one at bar, wherein the court says:

"Mandamus will not lie to compel the performance of a power, the exercise of which lies in the discretion of the officer against whom the writ is sought; but, if his action is arbitrary, tyrannical or unreasonable, or is based on false information, the relator may have a remedy to right the wrong which he has suffered—'arbitrary' being defined as 'not governed by any fixed rules or standard'."

The exercise of the jurisdiction to grant mandamus lies in the sound discretion of the Court.

Let the demurrer be overruled and a writ issued in accordance with this opinion.